UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

HYACINTH LACEY,

                Plaintiff,

  -against-

TARGET CORPORATION and TARGET STORES,

                Defendants.

-----------------------------------------------------------------X

**CV 13 - 4098**

Case No.:

**BLOCK, J.**

**LEVY, M.J.**

## NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant TARGET CORPORATION (hereinafter "TARGET"), by the undersigned counsel, hereby removes to this Court the above captioned action, which was pending against it in the Supreme Court of the State of New York, County of Kings.  Removal is based on the following grounds:

      1.      On or about April 25, 2013, Plaintiff, Hyacinth Lacey commenced a civil action against TARGET in the Supreme Court of the State of New York, County of Kings, docketed as Index No. 304700/10 (hereinafter the "Lawsuit").

      2.      On or about May 1, 2013, TARGET was served with a copy of the Summons and Verified Complaint in this Lawsuit via the Department of State, Division of Corporations.  A true and accurate copy of the original Summons and Verified Complaint are attached as **Exhibit A**.

      3.      This Notice of Removal is being filed by TARGET pursuant to 28 U.S.C. § 1446(2) more than thirty days after service of a copy of the original Summons and Verified Complaint because the pleadings do not specify the amount in controversy, and a good faith effort has been made to verify the alleged injuries.

4.      In this Lawsuit, Plaintiff asserts causes of action against TARGET based upon negligence.

5.      The Lawsuit alleges that as a result of TARGET's negligence, carelessness and recklessness in the ownership, operation, maintenance, management and control of their premises, Plaintiff Hyacinth Lacey has "sustained severe personal injuries, was rendered sick, sore, lame and disabled, . . . ." (Verified Compl at ¶ 20).

6.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 due to complete diversity among the parties' citizenship and because the amount in controversy allegedly exceeds $75,000 exclusive of interest and costs.

### Diversity Jurisdiction Exists

7.      Plaintiff resides at 1407 Linden Boulevard, Apt. 10A, Brooklyn, New York 11212 and therefore is a citizen of the State of New York. (*See* Summons).

8.      Defendant TARGET is a Minnesota business corporation and has its principal place of business in Minneapolis, Minnesota.  Target is not a citizen of the State of New York nor do they have principal places of business in New York.  No change in the place of incorporation or principal place of business of TARGET has occurred since the commencement of this Lawsuit.

### Amount In Controversy Exceeds $75,000

9.      In her Complaint, Plaintiff seeks unspecified damages for personal injuries suffered as a result of a slip and fall at a TARGET store that allegedly caused Plaintiff's injuries.

10.     Plaintiff has now served a Verified Bill of Particulars (**Exhibit B**) alleging she sustained injuries which, if proved, would satisfy the amount in controversy requirement as they can result in damages that exceed $75,000.

11.     This Lawsuit is, therefore, a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.  Furthermore, removal to this judicial district and division is proper pursuant to 28 U.S.C. § 1441(a) as this is the district and division embracing Kings County, New York, where the Lawsuit is pending.

12.     This Notice is accompanied by copies of all process, pleadings and orders served upon defendant in this action.

13.     Promptly after this filing, this Notice of Removal will be served on Plaintiff, and TARGET will file a copy of this Notice of Removal with the Clerk of Courts for the Supreme Court for the State of New York, County of Kings.

14.     This Notice is signed in accordance with Federal Rule of Civil Procedure 11.

WHEREFORE, Defendant TARGET CORPORATION respectfully removes the Lawsuit to this Court.

By: _____
ALICE SPITZ (AS/5155)
MOLOD SPITZ & DeSANTIS, P.C.
1430 Broadway, 21st Floor
New York, NY 10018
Tel:  (212) 869-3200
Email:  aspitz@molodspitz.com

Attorneys for Defendant
TARGET CORPORATION

HJ'5766
67

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No: 7649-2013

-----------------------------------------------------------------------X

Purchased: 4-25-2013

HYACINTH LACEY,

Place of Trial Designated:
KINGS COUNTY
The basis of venue is
SITIUS OF ACCIDENT

Plaintiff,

-against-

TARGET CORPORATION and TARGET STORES,

**SUMMONS**
Plaintiffs reside at
1407 Linden Blvd., Apt. 10A
Brooklyn, NY 11212

Defendants.

-----------------------------------------------------------------------X

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer or if the complaint is not served with this summons, to serve a
notice of appearance on the Plaintiff's attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       April 16, 2013

MICHAEL B. PALILLO, P.C.
Attorneys for Plaintiffs
277 Broadway, Suite 501
New York, New York   10007-2001
(212) 608-8959

Defendants' Addresses:

1. TARGET STORE (#2212), 1598 Flatbush Avenue, Brooklyn, NY 11210

2. TARGET CORPORATION, 1000 Nicollet Mall, Minneapolis, MN 55403

```
Kings County Clerk's Office
Paym 2710516 04/25/2013 10:56a

Tr. 3138187              $210.00
Other
7649/2013 LACEY, HYACINTH vs. TAR
GET CORPORATION' ETAND
Total:                  $210.00

Check                   $210.00
```

2013 APR 25 AM 10:57

KINGS COUNTY CLERK
RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - -X
HYACINTH LACEY,

                          **VERIFIED COMPLAINT**

             Plaintiff,

                          Index No.

    -against-

TARGET CORPORATION and TARGET STORES,

             Defendants.

- - - - - - - - - - - - - - - - - -X

       Plaintiff, HYACINTH LACEY, complaining of the

Defendants, by and through her attorney, MICHAEL B. PALILLO,

ESQ., alleges upon information and belief as follows;

       1.  At all time hereinafter mentioned, Plaintiff was

and still is a resident of the County of Kings, City and State

of New York.

       2.  At all dates and times hereinafter mentioned, the

Defendant, TARGET CORPORATION was and still is a corporation/

company created, organized and existing under and by virtue of

the laws of the State of Minnesota and authorized to transact

business in the State of New York.

       3.  At all dates and times hereinafter mentioned, the

Defendant TARGET STORES, was and still is a corporation/company

created, organized and existing under and by virtue of the laws

of the State of Minnesota and authorized to transact business in

the State of New York.

4.   At all dates and times hereinafter mentioned the Defendant, TARGET CORPORATION, owned the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

5.   At all dates and times herein mentioned, the Defendant, TARGET CORPORATION maintained the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

6.   At all dates and times herein mentioned, the Defendant, TARGET CORPORATION operated the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

7.   At all dates and times herein mentioned, the Defendant, TARGET CORPORATION managed the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

8.   At all dates and times herein mentioned, the Defendant, TARGET CORPORATION controlled the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

9.   That, at all dates and times herein mentioned, the Defendant TARGET CORPORATION was under a duty to keep and maintain the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212) in a reasonably safe condition for all persons lawfully thereat, including the Plaintiff.

2

10.   At all dates and times hereinafter mentioned the Defendant, TARGET STORES, owned the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

11.   At all dates and times herein mentioned, the Defendant, TARGET STORES, maintained the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

12.   At all dates and times herein mentioned, the Defendant, TARGET STORES operated the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

13.   At all dates and times herein mentioned, the Defendant, TARGET STORES, managed the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

14.   At all dates and times herein mentioned, the Defendant, TARGET STORES, controlled the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

15.   That, at all dates and times herein mentioned, the Defendant TARGET STORES was under a duty to keep and maintain the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212) in a reasonably safe condition for all persons lawfully thereat, including the Plaintiff.

3

16. That all dates and times hereinafter mentioned the Plaintiff was lawfully inside the premises known as 1598 Flatbush Avenue, Brooklyn, New York (Store 2212).

17. That on September 7, 2012 at approximately 7:55 p.m., the Plaintiff, while walking towards the check out counter across from the produce section she was caused to slip and lose her balance due to a condition dangerous and defective, to wit: produce, food, dirt, and debris located on the floor of said premises.

18. That this occurrence took place by reason of the negligence, carelessness and recklessness of the Defendant, TARGET CORPORATION, in the ownership, operation, maintenance, management and control of the aforementioned premises, without any negligence on the part of the Plaintiff contributing thereto.

19. That this occurrence took place by reason of the negligence, carelessness and recklessness of the Defendant, TARGET STORES, in the ownership, operation, maintenance, management and control of the aforementioned premises, without any negligence on the part of the Plaintiff contributing thereto.

4

20. That by reason of the foregoing, the Plaintiff, HYACINTH LACEY sustained severe personal injuries, was rendered sick, sore, lame and disabled, requiring medical attention, suffered emotional distress and will require medical attention in the future, all to her damage in an amount which exceeds the jurisdictional limitations of all lower Courts.

**WHEREFORE**, Plaintiff, HYACINTH LACEY demands judgment against the Defendants TARGET CORPORATION and TARGET STORES in a sum exceeding the jurisdictional limitations of all lower court together with the costs and disbursements of this action, and such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
       April 16, 2013

                                MICHAEL B. PALILLO PC
                                Attorney for Plaintiff
                                277 Broadway Suite 501
                                New York New York 10007
                                (212) 608-8959

Michael B. Palillo, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1.    I am the attorney for the Plaintiff(s) in the above captioned matter. I have read the foregoing SUMMONS and COMPLAINT and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s)  The reason why this verification is made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
       April 16, 2013

_____
       Michael B. Palillo

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

HYACINTH LACEY,

               Plaintiff,

     -against-

TARGET CORPORATION and
TARGET STORES,

               Defendants.

---

## AFFIDAVIT OF SERVICE

---

### Michael B. Palillo P.C.

*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
Palillolaw@AOL.COM
(Not for Service)

---

Signature (Rule 130-1.1-a)

MICHAEL B. PALILLO, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
CCUNTY OF KINGS
--------------------------------------X
HYACINTH LACEY

                    Plaintiffs

                                    VERIFIED BILL
                                         OF
                                    PARTICULARS
           -against-               Index No.: 7649/2013

TARGET CORPORATION and TARGET STORES


                    Defendants
--------------------------------------X
S I R S:

        Plaintiff, by her attorney, MICHAEL B. PALILLO P.C.

as and for her Verified Bill of Particulars in response to

the demands of the Defendant alleges allege upon information and

belief as follows:

        1.  Age: 53
            SS#: 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
            DOB: 19-9-1960
            Residence: 1407 Linden Boulevard
                       Brooklyn, New York

        1a. Not applicable.

        1b. Improper demand for a Bill of Particulars.

        2.  9-7-2012
            7:55 PM approximately

        3.  a) Target Store 2212
               1598 Flatbush Avenue
               Brooklyn, New York 11210
               at and about the produce section

            b) - e) Not applicable.

        4.  The defect which caused this occurrence was dirt,

debris and food, slippery, smashed, old and dirty pieces of apple

including but not limited apple rind on the floor of the produce
section.

     5.   The Defendants through their agents, servants and/or
employees, were negligent, careless and reckless in the
operation, maintenance, control, management, supervision,
inspection, maintenance, repair, design, construction, placement,
equipping, guarding, renovation, alteration, arranging, and
conducting the produce aisle in the aforesaid premises and
appurtenances therein and thereto; in causing, allowing,
permitting and/or creating said produce aisle in the
aforementioned premises to develop a dangerous, defective,
hazardous, unsafe and trap-like condition, and to be, become and
remain in such condition, in causing, allowing, permitting and/or
creating said premises to be improperly, constructed, placed,
equipped, guarded, and arranged; in failing to properly
construct, place, equip, guard, arrange said premises and areas
within said premises; in failing to place mats; in improperly
placing mats; in allowing said produce area to be, become and
remain in a dangerous condition; in failing to adequately and/or
sufficiently illuminate areas located within said premises; in
failing to maintain and repair the lighting at said areas; in
causing, allowing, permitting and/or creating said premises and
parts thereof, as described herein, to fall into such a state of
disrepair with dirt and debris that it constituted a public and
private nuisance and trap for the unaware; in failing to make
adequate and/or proper inspections and repairs to prevent the

development of the aforesaid condition for the unaware, and more
particularly for the Plaintiff herein, in failing to warn the
public, and especially the Plaintiff herein, that there existed a
dangerous, defective, hazardous, unsafe and trap-like condition
in said premises; in failing to place warning signs, notice
lights, barriers, ropes and/or cordons around said defective
condition so as to prevent those mentioned above; and more
particularly the Plaintiff herein, from passing nearby and
becoming exposed to the hazards therein; in failing to inspect
said premises for latent and patent defects; in failing to
supervise and control the inspection activities of its agents,
servants and/or employees; in failing to hire and employ
adequate, properly trained and/or sufficient personnel for the
purposes of supervising, inspecting, maintaining and repairing
said premises; in failing to hire and employ any personnel for
any or all of the aforementioned purposes; in hiring and
employing incompetent, untrained, inadequate and insufficient
numbers of personnel to perform supervision, inspection and
maintenance duties at the aforesaid premises; in failing to train
and supervise its agents, servants and/or employees in the proper
and necessary inspection and maintenance of said premises and
steps; in failing to promulgate and enforce sufficient rules and
regulations for safety standards in said premises; in causing
injury to the Plaintiff; in failing to keep the Plaintiff free
from injury notwithstanding the fact that the Defendants, their

agents, servants and/or employees knew of, observed, permitted, caused and/or created the aforesaid defective condition; in violating all applicable laws, statutes, rules, regulations, codes and ordinances then and there in effect and existing at the place and time of the occurrence complained of; and in otherwise being careless, reckless and negligent in the ownership, operation, control, management, supervision, inspection, maintenance, design, placement, equipping, guarding, arranging, and conducting the aforesaid premises and appurtenances therein and thereto, and including but not necessarily limited to, failing to provide Plaintiff with a safe premises notwithstanding the fact that it invited members of the public to utilize and enjoy the subject premises; in evincing a conscious, callous, wanton and utter disregard for the health, safety and welfare of others, of business invitees and more particularly of the Plaintiff herein, solely out of consideration of expediency and cost control, taking into consideration only economics and expense reduction to the exclusion of considerations for the health, safety and welfare of invitees to the aforesaid premises and facilities, and especially to the exclusion of consideration of the health, safety and welfare of the Plaintiff herein; in allowing and permitting said premises to be and remain in such a hazardous, dangerous and defective condition; in creating and maintaining a menace, hazard, nuisance and trap threat; in failing to place signs, barricades, warnings and/or other devices

to apprise persons of the dangerous, unsafe condition thereat; in failing to properly maintain said premises; in improperly maintaining said premises; and in generally being negligent and reckless in the premises; and in failing to secure said premises so as not to cause injuries to Plaintiff, all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises.

6. See Plaintiff's response to Defendant's demand numbered "4".

7. Upon information and belief, notice is not a prerequisite in that the Defendants their agents, servants and/or employees created the condition complained of herein.

If notice is a prerequisite, then both actual and constructive notice are claimed.

Actual notice is claimed in that the Defendants, their agents, servants, and/or employees were present to observe and correct this condition but failed to do so, the particulars of which are within the exclusive possession of the these answering Defendants and will be provided after discovery herein is completed.

Constructive notice is claimed in that said condition existed for such a prolonged period of time prior to this occurrence that this answering Defendants their agents, servants and/or employees, in the exercise of reasonable care, could have

and should have known of the existence of this condition but failed to do so, the particulars of which are in the exclusive possession of the answering Defendants and will be provided after discovery herein is completed.

8.   Not applicable to date.

9.   Pursuant to the holding of Langella v. D'Agostino, 471 N.Y. 2d 454, where no specific allegation of Defendant's violation of law has been made in the complaint, such violation need be particularized until all disclosure has been completed. No allegation of violations of law has been made in the complaint herein.   Accordingly, Plaintiff reserves the particularizations of such violations until after the completion of all disclosure herein.

However, his Court is respectfully requested to take judicial notice of each and all of those codes, customs, official directives, statutes, ordinances and rules and regulations that were or may have been violated, breached, disregarded, not heeded, disobeyed, not observed, not conformed to, or not ccmplied with by the acts and omissions herein above set forth.

10.   The Plaintiff, sustained the following injuries:

HIGH GRADE-PARTIAL AVULSION(APPROXIMATELY 70%)
OF THE ORIGIN OF THE RIGHT SEMIMEMBRANOSUS TENDON
WITH FLUID COLLECTION MEASURING 1.3 X 0.6 X 1.1 CM
UNDERCUTTING THE MAJORITY OF THE TENDON AT THE ORIGIN;
APPROXIMATELY 5 MM OF RETRACTION RELATED TO THE
FLUID COLLECTION IN THE RIGHT THIGH/FEMUR;
SPRAIN OR SCARRED PARTIAL TEAR OF THE CONJOINED
TENDON OF THE SEMITENDINOSUS AND BICEPS FERMORIS
MUSCLES OF THE RIGHT THIGH/FEMUR;
SOFT TISSUE EDEMA SURROUNDING THE HAMSTRINGS ORIGIN
SURROUNDING THE HAMSTRINGS ORIGIN OF THE RIGHT THIGH/

FEMUR;
REACTIVE MARROW EDEMA IN THE ISCHIAL TUBEROSITY
WITH ENTHESOPHYTES ON THE RIGHT THIGH/FEMUR;
LARGE KNEE JOINT EFFUSION;
PRE-PATELLA EDEMA;
COMPLEX TEARING OF THE ROOT OF THE POSTERIOR HORN
AND BOTH OF THE MEDIAL MENISCUS WITH EXTRUSION
OF THE MEDIAL MENISCUS INTO THE MEDICAL GUTTER
BY UP TO 7 MM.

Plaintiff reserves the right to supplement this demand
as further medical information becomes available.  In addition,
the above has caused Plaintiff to complain about and suffer pain
in those areas surrounding the injured tissue and

In addition, Plaintiff will claim psychological and
emotional injuries which have been, are being and will be
suffered in the future as a direct result of the aforementioned
injuries, consisting more particularly of the following:

Psychological injury and anxiety caused
by the inability and restriction of plaintiff's
physical, social, and recreational activities all
caused by the injuries mentioned above.

To date the Plaintiff has not seen any mental health
professional for any psychological and emotional injuries
sustained in this accident nor does the Plaintiff intend to offer
any expert witness testimony at trial on the issue of
psychological and emotional injuries due to this accident.

Upon information and belief, all of the
above injuries, their residuals and sequellae, are permanent and
progressive in nature.

11. Upon information and belief the Plaintiff was confined
as follows:

Hospital:

The Brooklyn Hospital Center
121 Dekalb Avenue
Brooklyn, New York 11201

Emergency Room: 9-7-2012

Out Patient Surgery: 6-13-2013

Out-Patient Physical Therapy and
Department of Orthopedics

Bed: To be supplied;

Home: To be supplied;

12. Yes

a) Preparation Cook

b) Aramark Ford Service
4 Metro Tech Plazs
Brooklyn New York

c) Time lost from work: To be supplied;

d) The Plaintiff's annual salary was approximately

$39,500.00 year.

e) The Plaintiff claims lost earnings as follows:

To be supplied;

13. Improper demand for a Bill of Particulars.

Notwithstanding Plaintiff objection to responding to

this demand, the Plaintiff sustained the following special

damages:

Elkoush Physical Therapy: $120.00
All Pro Medical Supplies: $125.00
Dr. Anzhela Dvorkina: $30.00
Duanereade: $2.00

The Plaintiff reserves the tight to supplement and amend this response as further in formation becomes available.

14. a) - b): Not applicable.

15. Objected to as duplicative.

See Plaintiff's response to Defendant's demand numbered "5".

Dated: June 18, 2013
       New York, NY

                                    Yours, etc.
                                    \S\
                                    MICHAEL B. PALILLO PC
                                    Attorney for Plaintiff
                                    277 Broadway  Suite 501
                                    New York, NY 10007
                                    (212) 608-8959

TO:
Law Offices of
MOLOD SPITZ & DeSANTIS P.C.
Attorney for Defendants
1430 Broadway 21st Floor
New York, New York 10018
212-869-3200
Att: Alice Spitz
File #: TARG-503

Michael B. Palillo, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

1.    I am the attorney for the Plaintiff(s) in the above captioned matter.  I have read the foregoing BILL OF PARTICULARS and know the contents thereof; the same is true to my  knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s)  The reason why this verification is made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
       June 18, 2013

\S\
_____
Michael B. Palillo

Index No. 7649-2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

HYACINTH LACEY,

                     Plaintiff,

    -against-

TARGET CORPORATION and
TARGET STORES,

                     Defendants.

## VERIFIED BILL OF PARTICULARS

### Michael B. Palillo P.C.

*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
Palillolaw@AOL.COM
(Not for Service)

Signature (Rule 130-1.1-a)

MICHAEL B. PALILLO, ESQ.